# SC DOCKET SHEET

## CASE NO. PC-2019-11560

| Radhames Santos | § | | |
|---|---|---|---|
| v. | § | Location: | **Providence/Bristol County Superior Court** |
| Branch Banking and Trust Company | § | Filed on: | **12/05/2019** |
| | § | US District Court Case Number: | **1:20-cv-00007** |

### CASE INFORMATION

**Statistical Closures**

01/07/2020    Closed-Non Trial-Unassigned-Removed to Federal Court

Case Type: **Civil Action**

Case Status: **01/07/2020    Closed**

### CASE ASSIGNMENT

| DATE | |
|---|---|

**Current Case Assignment**

| Case Number | PC-2019-11560 |
|---|---|
| Court | Providence/Bristol County Superior Court |
| Date Assigned | 12/05/2019 |

### PARTY INFORMATION

*Lead Attorneys*

| Plaintiff | Santos, Radhames | **Dion, Todd** |
|---|---|---|
| | | *Retained* |
| | | 4019654131(W) |
| Defendant | Branch Banking and Trust Company | **MOTOLA-DAVIS, LAUREN** |
| | | *Retained* |
| | | 4014063313(W) |

### EVENTS & ORDERS OF THE COURT

| DATE | |
|---|---|

#### EVENTS

| 01/07/2020 | Closed-Non Trial-Unassigned-Removed to Federal Court |
|---|---|
| 01/07/2020 | Case Removed to US District Court |
| 01/07/2020 | Notice of Removal<br>*Notice of Removal* |
| 12/19/2019 | Stipulation Filed Extension of Time<br>*Stipulation for Extension of Time to Answer Complaint* |
| 12/19/2019 | Entry of Appearance<br>*Entry of Appearance by Joseph Carnevale on behalf of Defendant.* |
| 12/19/2019 | Entry of Appearance<br>*Entry of Appearance by Lauren Motola-Davis on behalf of Defendant.* |
| 12/06/2019 | Summons |
| 12/05/2019 | Complaint Filed<br>*Initial Complaint* |



## STATE OF RHODE ISLAND
## AND PROVIDENCE PLANTATIONS

### CLERK'S CERTIFICATE AND TRANSMITTAL OF THE RECORD

| Case Information | | |
| --- | --- | --- |

Case Caption: **Radhames Santos** vs. **Branch Banking and Trust Company**

Federal Court Case No. **1:20-cv-00007**    State Court Case No. **PC-2019-11560**

| Record Information | | |
| --- | --- | --- |

Confidential:        Yes ☐    No ☑    Description: _____

Sealed documents:    Yes ☐    No ☑    Description: _____

| Certification | | |
| --- | --- | --- |

I, **Alexa Goneconte** _____, Clerk of the Rhode Island Superior Court for the County of **Providence** _____ do certify that the attached documents are all the documents included in the record in the above referenced case.

Date: 01/07/2020

Clerk of Court

/s/ Alexa Goneconte _____
By Deputy Clerk

Case Number: PC-2019-11560
Filed in Providence/Bristol County Superior Court
Submitted: 1/7/2020 2:05 PM
Envelope: 2412307
Reviewer: Zoila C.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| RADHAMES SANTOS | ) | Civil Action No. _____ |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| BRANCH BANKING AND TRUST | ) | |
| COMPANY | ) | |
| | ) | |
| *Defendant,* | ) | |

## **NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, Branch Banking and Trust Company ("BB&T")[1], files this notice of removal of this action from the Providence/Bristol County Superior Court, State of Rhode Island (the "Providence Superior Court"), C.A. No.: PC-2019-11560, to the United States District Court for the District of Rhode Island. In support of this notice, BB&T states as follows:

1. Plaintiff, Radhames Santos ("Plaintiff"), filed this action on December 5, 2019 in the Providence Superior Court on behalf of himself (the "Action").

2. BB&T received a copy of the Summons and Complaint on a date after December 6, 2019.

3. Removal of this Action is timely under 28 U.S.C. § 1446(b)(1) because this notice is being filed within thirty (30) days after the receipt of the Summons and Complaint.

4. A copy of all process, pleadings and orders nominally served upon BB&T is attached as Exhibit A as required under 28 U.S.C. § 1446(a).

---

[1] As of December 7, 2019 Branch Banking and Trust Company was renamed Truist Bank.

4833-5948-8176.1

Case Number: PC-2019-11560
Filed in Providence/Bristol County Superior Court
Submitted: 1/7/2020 2:05 PM
Envelope: 2412307
Reviewer: Zoila C.

Case 1:20-cv-00007-MSM-PAS   Document 3   Filed 01/07/20   Page 4 of 48 PageID #: 46

5.   BB&T is the only defendant named in the Action and the consent of additional parties is not required.

6.   BB&T hereby gives notice to Plaintiff and will concurrently file a copy of this Notice of Removal with the clerk of the Providence County Superior Court as required under 28 U.S.C. § 1446(d).

7.   Removal of this Action to this Court is proper under 28 U.S.C. § 1441(a) because this Court would have had original federal question jurisdiction under 28 U.S.C. § 1331, and venue is proper because this Court embraces the place where the Action is pending.

## Federal Question Jurisdiction under 28 U.S.C. § 1331

8.   Plaintiff alleges violations of federal regulations set forth in 24 C.F.R. § 203.500, 24 C.F.R. § 203.501, 24 C.F.R. § 203.602, and 24 C.F.R. § 203.605 as the causes of the harm suffered by Plaintiff.  Complaint, ¶ 2.

9.   In particular, Count I expressly alleges that BB&T never sent Plaintiff a notice in accordance with 24 C.F.R. § 203.501, therefore BB&T could not exercise its statutory power of sale.  *Id.*, ¶ 33.  Furthermore, Count II alleges that BB&T did not comply with conditions precedent in 24 C.F.R. § 203.500, 24 C.F.R. § 203.501, 24 C.F.R. § 203.602, and 24 C.F.R. § 203.605 incorporated into the mortgage in paragraph 9(d), and therefore could not accelerate the mortgage and exercise its statutory power of sale.  *Id.*, ¶ 63.

10. Whether BB&T violated 24 C.F.R. § 203.500, 24 C.F.R. § 203.501, 24 C.F.R. § 203.602, and 24 C.F.R. § 203.605 raises a substantial federal question, the determination of which will resolve whether Plaintiff is entitled to the requested relief.  As a result, this Court has original jurisdiction over this Action.

Case Number: PC-2019-11560
Filed in Providence/Bristol County Superior Court
Submitted: 1/7/2020 2:05 PM
Envelope: 2412307
Reviewer: Zoila C.

Case 1:20-cv-00007-MSM-PAS    Document 3    Filed 01/07/20    Page 5 of 48 PageID #: 47

TRUIST BANK f/k/a
BRANCH BANKING AND TRUST COMPANY

By its Attorneys,

*/s/ Joseph Carnevale*
Joseph Carnevale, Esq. (#9121)
LEWIS BRISBOIS BISGAARD & SMITH, LLP
One Citizens Plaza, Suite 1120
Providence, RI 02903
Tel:  (401) 406-3310
Fax:  (401) 406-3312
joseph.carnevale@lewisbrisbois.com

Dated: January 6, 2020


## CERTIFICATION

The undersigned hereby certifies that on the _6th___ day of __January____, 2020, a true and accurate copy of the foregoing was sent via first class mail, postage prepaid to all counsel of record.


Todd S. Dion, Esq.
681 Park Avenue, Suite 24
Cranston, RI 02910

_____*/s/ Joseph Carnevale*_____

Case Number: PC-2019-11560
Filed in Providence/Bristol County Superior Court
Submitted: 1/7/2020 2:05 PM
Envelope: 2412307
Reviewer: Zoila C.

Case 1:20-cv-00007-MSM-PAS    Document 3    Filed 01/07/20    Page 6 of 48 PageID #: 48

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ☐ 2   U.S. Government Defendant
- ☐ 3   Federal Question *(U.S. Government Not a Party)*
- ☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 485 Telephone Consumer Protection Act<br>☐ 490 Cable/Sat TV |
| | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br><br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **FEDERAL TAX SUITS** | |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | ☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609<br><br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:**    ☐ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

DATE _____    SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**    **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)**    **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)**    **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.**    **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**    **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.**    **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.  **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**    **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**    **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**    **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

Case Number: PC-2019-11560
Filed in Providence/Bristol County Superior Court
Submitted: 1/7/2020 2:05 PM
Envelope: 2412307
Reviewer: Zoila C.

Case 1:20-cv-00007-MSM-PAS   Document 3   Filed 01/07/20   Page 8 of 48 PageID #: 50

# EXHIBIT A

Case 1:20-cv-00007-MSM-PAS    Document 3    Filed 01/07/20    Page 9 of 48 PageID #: 51

**STATE OF RHODE ISLAND**          **SUPERIOR COURT**
**PROVIDENCE, SS**

|  |  |
|---|---|
| RADHAMES SANTOS | ) |
| *Plaintiff,* | ) C.A. NO. |
| *vs.* | ) COMPLAINT |
| BRANCH BANKING AND TRUST COMPANY | ) JURY TRIAL DEMAND |
| *Defendant.* | ) |

## INTRODUCTION

1.      This complaint is brought by Plaintiff, Radhames Santos, against Defendant, Branch

Banking and Trust Company (BB&T) ,for wrongful acceleration, foreclosure and mortgagee's sale

of the subject property as noted herein.  Plaintiff seeks a declaratory judgment that Defendant

accelerated all sums due under the subject mortgage and foreclosed said mortgage when BB&T

was not permitted to take such actions pursuant to Paragraph 9(d) of the subject mortgage and

regulations of the Secretary of the Department of Housing and Urban Development, codified under

24 CFR §203.500, 24 CFR §203.501, 24 CFR §203.602, 24 CFR §203.605, and 24 CFR §203.

606.

2.      The Plaintiff prays that this Honorable Court declare the acceleration, foreclosure and sale

to be in breach of contract and void for failure to strictly comply with the terms of the Mortgage,

in violation of 24 CFR §203.500, 24 CFR §203.501, 24 CFR §203.602 and 24 CFR §203.605,

enjoin Defendant from any further foreclosure action, rescind any foreclosure and sale, return the

Plaintiff to his status prior to any wrongful foreclosure and sale, and award money damages to the

Plaintiff.

Case Number: PC-2019-11560
Filed in Providence/Bristol County Superior Court
Submitted: 12/20/2019 1:00 PM
Envelope: 2372300
Reviewer: Bailey C.

Case 1:20-cv-00007-MSM-PAS   Document 3   Filed 01/07/20   Page 10 of 48 PageID #: 52

## JURISDICTION AND VENUE

3.      This Honorable Court has subject matter jurisdiction as the subject property at issue is located at 49-51 Congress Avenue, Providence, RI 02907, the Plaintiff reside at said subject property, and Defendant conducted all of the acts alleged herein in the State of Rhode Island.

4.      Venue is proper in this Honorable Court in that the events or omissions giving rise to this claim have occurred, and the real property that is the subject of the action is situated within the State of Rhode Island.

## PARTIES

5.      Plaintiff, Radhames Santos, is a citizen of Rhode Island residing at, and are the rightful owners of 49-51 Congress Avenue, Providence, RI 02907 which is the "subject property" referenced herein.

6.      Defendant Branch Banking and Trust Company is a banking related services company with headquarters at 200 West Second Street, Winston-Salem, NC 27101.

## GENERAL FACTS AND RELEVANT BACKGROUND

7.      FHA standard mortgage contracts at Paragraph 9(d) state that regulations issued by the Secretary of Housing and Urban Development will limit a Lender's rights, in the case of payment defaults, to require immediate payment in full, and foreclose, if not paid. Paragraph 9(d) further states that the security instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

8.      At issue in this action are several Regulation codified in 24 CFR §203.500, 24 CFR §203.501, 24 CFR §203.602 and 24 CFR §203.605.

9.      24 CFR §203.500 states in relevant part that "It is the intent of the Department that no mortgagee shall commence foreclosure or acquire title to a property until the requirements of this subpart have been followed".

2

Case Number: PC-2019-11560
Filed in Providence/Bristol County Superior Court
Submitted: 12/12/2019 2:00 PM
Envelope: 2372300
Reviewer: Bella C.

Document 3     Filed 01/07/20     Page 11 of 48 PageID #:
53

10.     24 CFR §203.501 states that "Mortgagees must consider the comparative effects of their elective servicing actions, and must take those appropriate actions which can reasonably be expected to generate the smallest financial loss to the Department.  Such actions include, but are not limited to, deeds in lieu of foreclosure under § 203.357, pre-foreclosure sales under §203.370, partial claims under §203.414, assumptions under § 203.512, special forbearance under §§ 203.471 and 203.614, and recasting of mortgages under §203.616.  HUD may prescribe conditions and requirements for the appropriate use of these loss mitigations actions, concerning such matters as owner-occupancy, extent of previous defaults, prior use of loss mitigation, and evaluation of the mortgagor's income, credit and property".

11.     24 CFR §203.601 states in pertinent part that "The mortgagee shall give notice to each mortgagor in default on a form supplied by the Secretary or, if the mortgagee wishes to use its own form, on a form approved by the Secretary, no later than the end of the second month of any delinquency in payments under the mortgage.

12.     24 CFR §203.605(a) states in pertinent part that "Before four full monthly installments due on the mortgage have become unpaid, the mortgagee shall evaluate on a monthly basis all of the loss mitigation techniques provided at §203.501 to determine which is appropriate.  Based upon such evaluations, the mortgagee shall take the appropriate loss mitigation action."

## FACTS

13.     Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

14.     Plaintiff, Radhames Santos, was granted the property located at 49-51 Congress Avenue, Providence, RI 02907, which is the subject property as noted herein.

15.     On June 22, 2015, Plaintiff, Radhames Santos, executed a mortgage and note both in the amount of One Hundred Seventeen Thousand Eight Hundred and Twenty-Six Dollars 00/100

3

Case Number: PC-2019-11560
Filed in Providence/Bristol County Superior Court
Submitted: 12/20/2019 1:50 PM
Envelope: 2372300
Reviewer: Bola C.

1:20-cv-00007-MSM-PAS   Document 3   Filed 01/07/20   Page 12 of 48 PageID #: 54

($117,826.00) Dollars, to First Home Mortgage Corporation as Lender and Mortgage Electronic Registration Systems as mortgagee. Said mortgage was secured against the subject property and recorded in the City of Providence Land Evidence Records in Book 11147 at Page 316 on June 22, 2015. (the "Santos Mortgage/Note").

16.     On November 16, 2018 an assignment of the Mortgage was recorded in the Land Evidence Records of the City of Providence Book 12213 at Page 345 assigning the Mortgage to BB&T.

17.     The Santos Mortgage was designated as an "FHA" mortgage and was noted as such on the mortgage itself on page one (1).

18.      Plaintiff herein alleges that no Lender, servicer, mortgagee, note holder, or agent of any of the foregoing complied with 24 CFR §203.500, 24 CFR §203.501, 24 CFR §203.602 and 24 CFR §203.605 prior to acceleration or foreclosure in breach of Paragraph 9(d) of the Plaintiff's Mortgage.

19.     Defendant scheduled a foreclosure to occur on said property on December 5, 2019.  Prior to said foreclosure Defendant accelerated the note and mortgage.

20.     Plaintiff alleges that the acceleration, foreclosure, and sale are in breach of the Santos Mortgage contract at Paragraph 9(d) and violation of 24 CFR §203.500, 24 CFR §203.501, 24 CFR §203.602 and 24 CFR §203.605.

21.     Plaintiff herein seeks a declaratory judgment that the acceleration, foreclosure and sale are void and without force and effect and prays this Honorable Court find that BB&T is in breach of contract at paragraph 9(d) and in violation of 24 CFR §203.500, 24 CFR §203.501, 24 CFR §203.602 and 24 CFR §203.605.

22.     Plaintiff is entitled to Orders enjoining the Defendant BB&T from foreclosure, sale, and/or conveyance of the subject property pending a determination by this Court verifying the validity of

4

Case Number: PC-2019-11560
Filed in Providence/Bristol County Superior Court
Submitted: 12/5/2019 3:00 PM
Envelope: 2372300
Reviewer: Bella C.

1:20-CV-00007-MSM-PAS    Document 3    Filed 01/07/20    Page 13 of 48 PageID #: 55

Plaintiff's claims, rescinding any foreclosure and sale and returning the Plaintiff to his status prior to any wrongful foreclosure and sale, and that BB&T pay actual, monetary, punitive and exemplary damages, restitution, an accounting, attorneys' fees and costs, equitable relief in amounts to be determined at trial.

**COUNT I**
**MORTGAGE POWER OF SALE**

23.    Plaintiff repeats and reincorporates by reference all paragraphs above as if fully articulated herein.

24.    Rhode Island permits non-judicial foreclosure under the statutory power of sale contained so long as the terms of the mortgage and the statutes related to the power of sale are strictly complied with.

25.    Foreclosure by power of sale requires that a foreclosing bank must comply with the terms of the mortgage.

26.    If a bank fails to strictly comply with the power of sale and the terms of the mortgage, then a foreclosure is void.

27.    The mortgage given by Plaintiff secured by the subject property states at Paragraph 9(d) as follows:

> 9(d) Regulations of HUD Secretary. In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full, and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

28.    24 CFR §203.500, 24 CFR §203.501, 24 CFR §203.602 and 24 CFR §203.605 are all regulations of the Secretary.

Case Number: PC-2019-11560
Filed in Providence/Bristol County Superior Court
Submitted: 12/52/2003 1:50 PM
Envelope: 2872300
Reviewer: Bolton C.

1:20-cv-00007-MSM-PAS    Document 3    Filed 01/07/20    Page 14 of 48 PageID #:
56

29.    The "mortgagee" as defined by 24 CFR § 202.2 failed comply with 24 CFR §203.500, 24

CFR §203.501, 24 CFR §203.602 and 24 CFR §203.605 prior to acceleration and foreclosure.

30.    Plaintiff's mortgage incorporated the HUD regulations.

32.    As such, there was no compliance with the terms of the mortgage which would have

allowed the Defendants to exercise the statutory power of sale as indicated above..

33.    BB&T never sent Plaintiff and Plaintiff never received a notice in accordance with 24 CFR

§203.501. As a result, no acceleration could occur nor could the mortgagee exercise the statutory

power of sale.

34.    Pursuant to the terms of the Santos Mortgage 24 CFR §203.500, 24 CFR §203.501, 24

CFR §203.602 and 24 CFR §203.605 pursuant to the provisions of paragraph 9(d) of the mortgage

were condition precedents to acceleration and the exercise of the statutory power of sale.

35.    Plaintiff thus never received an acceleration notice pursuant to the terms of the mortgage.

36.    Due to this failure to comply with the terms of the mortgage, no entity was contractually

authorized to exercise the statutory power of sale and foreclose on the Santos Mortgage and sell

the subject property at mortgagee's foreclosure sale. These actions constituted a breach of contract,

resulting in damages to the Plaintiff.

37.    As a result of the above noted improper and invalid exercise of the statutory power of sale

and purported foreclosure sale, Plaintiff's mortgage loan account was charged fees and costs and

expenses for certified mail, advertising costs, legal fees, auctioneer costs and other charges which

were reflected in their monthly mortgage statements.

38.    The Plaintiff has incurred damages in hiring an attorney, in regard to the improper actions

of BB&T in sending a Notice of Foreclosure Sale and seeking to conduct a sale without first

complying with the terms of the mortgage.

6

Case Number: PC-2019-11560
Filed in Providence/Bristol County Superior Court
Submitted: 12/52/2003 2:50 PM
Envelope: 2872300
Reviewer: Bella C.

0-CV-00007-MSM-PAS    Document 3    Filed 01/07/20    Page 15 of 48 PageID #:
57

39.    Plaintiff has also incurred emotional injuries and damages due to the improper foreclosure and sale of their home without BB&T first complying with the terms of the Santos Mortgage.

40.    The Plaintiff has incurred legal fees for the prosecution of this action as a result of BB&T's the breach of contract by BB&T as noted herein.

41.    Plaintiff has suffered harm and are threatened with additional harm from BB&T's breach, including but not limited to loss of property interest, higher principle balance, improper negative reporting to credit bureaus; inappropriate fees and charges assessed to them, including broker price opinion fees, inspection fees, attorney's fees, "process management" fees, late fees and other charges associated with delinquency and default, and increased accrued interest.

42.    BB&T's breach of contract and failure to comply with terms of the mortgage as noted herein above, are the direct cause of the harms alleged herein and not Plaintiff's failure to make their mortgage payments.

43.    Plaintiff was denied the opportunity to 24 CFR §203.500, 24 CFR §203.501, 24 CFR §203.602 and 24 CFR §203.605 which would have enabled him to explore loss mitigation opportunities and strategies to deal with his default resulting in a resolution of default as HUD regulations codified at 24 CFR §203.500, 24 CFR §203.501, 24 CFR §203.602 and 24 CFR §203.605 were intended to accomplish.

44.    Therefore, Plaintiff would not have suffered foreclosure, or the harms as noted herein were it not for the BB&T's breach of the mortgage contract as noted herein.

45.    BB&T's failure to comply with the terms of the mortgage is in violation of the Statutory Power of Sale. Any foreclosure is therefore void.

7

Case Number: PC-2019-11560
Filed in Providence/Bristol County Superior Court
Submitted: 12/30/2019 1:00 PM
Envelope: 2372300
Reviewer: Bolla C.

1:20-CV-00007-MSM-PAS    Document 3    Filed 01/07/20    Page 16 of 48 PageID #: 58

46.    The Plaintiff is entitled to a declaratory judgment determining that the acceleration of all sums due under the note, the foreclosure, and the mortgagee's foreclosure sale of the subject property are all void.

47.    The Plaintiff is entitled to an injunction preventing the transfer of the right, title, and interest in their property.

48.    The Plaintiff is entitled to cancellation costs and fees assessed to them for wrongful foreclosure, together with additional damages.

49.    Plaintiff is entitled to a Court Order requiring that Defendants take all necessary steps to return Plaintiff to their status and circumstances prior to any wrongful acceleration, attempted foreclosure and sale, including but not limited to rescinding the foreclosure and sale.

50.    Plaintiff is entitled to actual, monetary, punitive and exemplary damages, restitution, an accounting, attorneys' fees and costs, equitable relief and all other relief as provided by state law.

**COUNT II**
**BREACH OF CONTRACT AND FAILURE TO COMPLY WITH CONDITIONS**
**PRECEDENT TO EXERCISE THE STATUTORY POWER OF SALE**

51.    Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

51.    As described above, the mortgage contract entered into by Plaintiff constitutes a valid offer.

52.    Upon Plaintiff executing the mortgage contract and giving it to their Lender, the Lender accepted that offer.

53.    Alternatively, Plaintiff's execution of the mortgage contract thereby giving a security interest in their property to their Lender constitutes an offer.  Acceptance of that offer occurred when BB&T accepted payments made by Plaintiff pursuant to the mortgage contract.

54.    The mortgage contract was supported by consideration.  Plaintiff's payments to BB&T, constitutes consideration.

Case Number: PC-2019-11560
Filed in Providence/Bristol County Superior Court
Submitted: 12/5/2019 2:00 PM
Envelope: 2372300
Reviewer: Bella C.

Case 1:20-cv-00007-MSM-PAS   Document 3   Filed 01/07/20   Page 17 of 48 PageID #: 59

55.     Plaintiff and BB&T thereby formed a valid contract and Plaintiff was, is, and remains ready

willing and able to perform under said contract.

56.     BB&T breached the mortgage contract of Plaintiff by refusing to honor the terms of the

mortgage contract as stated at paragraph 9(d) which states in pertinent part;

> 9(d) Regulations of HUD Secretary. In many circumstances regulations
> issued by the Secretary will limit Lender's rights, in the case of
> payment defaults, to require immediate payment in full, and foreclose
> if not paid. This Security Instrument does not authorize acceleration or
> foreclosure if not permitted by regulations of the Secretary.

57.     In Rhode Island, a contract containing an obligation of the Lender that the Lender abide

by Regulations of the HUD Secretary prior to acceleration and sale is construed as a condition

precedent, which requires strict compliance.

58.     The Santos Mortgage at paragraph 9(d), obligates the Lender to abide by Regulations of

the HUD Secretary limiting the Lenders ability to accelerate, foreclose and sell if HUD

Regulations prohibit it.

59.     In Rhode Island, a mortgagee agreeing to abide by Regulations of the HUD Secretary

before acceleration, foreclosure, and sale, must adhere to those Regulations, with the level of

specificity as agreed.

60.     In Rhode Island, the power to sell by foreclosure sale is derived from the mortgage and

statute, and strict compliance with the requirements of paragraph 9(d) of the mortgage is an

obligation of the mortgagee. Failure to comply with 24 CFR §203.500, 24 CFR §203.501, 24 CFR

§203.602 and 24 CFR §203.605 and then accelerating, attempting foreclosure, and sale is a

violation of a regulation of the HUD Secretary limiting a lenders rights to accelerate, foreclose,

9

Case Number: PC-2019-11560
Filed in Providence/Bristol County Superior Court
Submitted: 12/20/2019 2:00 PM
Envelope: 2372300
Reviewer: Bella C.

Case 1:20-cv-00007-MSM-PAS    Document 3    Filed 01/07/20    Page 18 of 48 PageID #: 60

and sell and thus is a breach of mortgage contract at 9(d) and renders the acceleration and attempted foreclosure of the Santos Mortgage and sale of the subject property void.

61.     Plaintiff's mortgage incorporated the HUD regulations.

62.     Therefore, there was no compliance with the terms of the mortgage which would have allowed BB&T to exercise the statutory power of sale as indicated above.

63.     Pursuant to the terms of the Santos Mortgage, 24 CFR §203.500, 24 CFR §203.501, 24 CFR §203.602 and 24 CFR §203.605 pursuant to the provisions of paragraph 9(d) is a condition precedent to acceleration and the exercise of the statutory power of sale.

64.     Plaintiff thus never received an acceleration notice pursuant to the terms of their mortgage.

65.     Due to this failure to comply with the terms of the mortgage, no entity was contractually authorized to exercise the statutory power of sale and foreclose Santos Mortgage and sell the subject property at mortgagee's foreclosure sale. These actions constituted a breach of contract, resulting in damages to the Plaintiff.

66.     As a result of the above noted improper and invalid exercise of the statutory power of sale and purported foreclosure sale, Plaintiff's mortgage loan account was charged fees and costs and expenses for certified mail, advertising costs, legal fees, auctioneer costs and other charges which were reflected in their monthly mortgage statements.

67.     The Plaintiff has incurred damages in hiring an attorney, in regard to the improper actions of BB&T in sending a Notice of Foreclosure Sale and conducting a sale without first complying with the terms of the mortgage in violation of the Statutory Power of Sale and in breach of contract.

68.     Plaintiff has also incurred emotional injuries and damages due to the improper foreclosure of their home without BB&T first complying with the terms of the mortgage and breaching the Santos Mortgage contract.

10

Case Number: PC-2019-11560
Filed in Providence/Bristol County Superior Court
Submitted: 12/5/2019 2:50 PM
Envelope: 2372300
Reviewer: Bella C.

0-cv-00007-MSM-PAS    Document 3    Filed 01/07/20    Page 19 of 48 PageID #:
61

69.    The Plaintiff has incurred legal fees for the prosecution of this action as a result of BB&T's violation of the power of sale and breach of contract as noted herein.

70.    Plaintiff has suffered harm and are threatened with additional harm from BB&T's breach, including but not limited to loss of property interest, higher principle balance, improper negative reporting to credit bureaus; inappropriate fees and charges assessed to them, including broker price opinion fees, inspection fees, attorney's fees, "process management" fees, late fees and other charges associated with delinquency and default, and increased accrued interest.

71.    BB&T's breach of contract and failure to comply with terms of the mortgage as noted herein above, are the direct cause of the harms alleged herein and not Plaintiff's failure to make their mortgage payments.

72.    Plaintiff would not have suffered acceleration, foreclosure and sale, or the harms as noted herein were it not for the BB&T's breach of the mortgage contract as noted herein.

73.    BB&T's failure to comply with the terms of the mortgage is a breach of contract and also is in violation of the Statutory Power of Sale. The foreclosure is therefore void.

74.    The Plaintiff is entitled to a declaratory judgment determining that the acceleration of all sums due under the note, the foreclosure, and the mortgagee's foreclosure sale of the subject property are all void.

75.    The Plaintiff is entitled to an injunction preventing the transfer of the right, title, and interest in their property.

76.    The Plaintiff is entitled to cancellation costs and fees assessed to them for wrongful foreclosure, together with additional damages.

11

Case Number: PC-2019-11560
Filed in Providence/Bristol County Superior Court
Submitted: 12/5/2019 2:50 PM
Envelope: 2372300
Reviewer: Bella C.

Case 1:20-cv-00007-MSM-PAS    Document 3    Filed 01/07/20    Page 20 of 48 PageID #: 62

86.    Plaintiff is entitled to a Court Order requiring that Defendants take all necessary steps to return Plaintiff to their status and circumstances prior to the wrongful acceleration, attempted foreclosure and sale, including but not limited to rescinding any foreclosure and sale.

87.    Plaintiff is entitled to actual, monetary, punitive and exemplary damages, restitution, an accounting, attorneys' fees and costs, equitable relief and all other relief as provided by state law.

Dated:  December 5, 2019

Respectfully Submitted, Plaintiff,
by his Attorney,
Todd S. Dion

 /s/ Todd S. Dion
Todd S. Dion Esq. (6852)
681 Park Avenue, Suite 24
Providence, RI 02910
401-965-4131 Phone
401-270-2202 Fax
toddsdion@msn.com

12

Case Number: PC-2019-11560
Filed in Providence/Bristol County Superior Court
Submitted: 12/5/2019 2:00 PM
Envelope: 2372300
Reviewer: Bella C.

Case 1:20-cv-00007-MSM-PAS    Document 3    Filed 01/07/20    Page 21 of 48 PageID #: 63

## VERIFICATION OF COMPLAINT

I, Radhames Santoa, Plaintiff in the above-captioned action, hereby depose and state that I have read and subscribed to the foregoing amended complaint, and the facts set forth therein are based on my own personal knowledge and are true and correct.

Signed under the penalties of perjury on December 3, 2019.

Date:

Respectfully submitted,
Radhames Santos

10

Case 1:20-cv-00007-MSM-PAS    Document 3    Filed 01/07/20    Page 22 of 48 PageID #:

STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

# SUPERIOR COURT

## SUMMONS

|  | Civil Action File Number<br>PC-2019-11560 |
|---|---|
| **Plaintiff**<br>Radhames Santos<br><br>    v.<br><br>**Defendant**<br>Branch Banking And Trust Company | **Attorney for the Plaintiff or the Plaintiff**<br>Todd Dion |
|  | **Address of the Plaintiff's Attorney or the Plaintiff**<br>681 PARK AVENUE<br>SUITE 24<br>CRANSTON RI 02910 |
| Licht Judicial Complex<br>Providence/Bristol County<br>250 Benefit Street<br>Providence RI 02903<br>(401) 222-3250 | **Address of the Defendant**<br>200 West Second Street<br>Winston-Salem NC 27101 |

**TO THE DEFENDANT, Branch Banking and Trust Company:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| This Summons was generated on 12/6/2019. | /s/ Henry Kinch<br>Clerk |
|---|---|

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2014)

Case Number: PC-2019-11560
Filed in Providence/Bristol County Superior Court
Submitted: 1/7/2020 2:05 PM
Envelope: 2412307
Reviewer: Zoila C.



STATE OF RHODE ISLAND AND    PROVIDENCE PLANTATIONS

## SUPERIOR COURT

| **Plaintiff** | **Civil Action File Number** |
|---|---|
| Radhames Santos | PC-2019-11560 |
| v. | |
| **Defendant** | |
| Branch Banking And Trust Company | |

### PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Branch Banking and Trust Company, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
  Name of person of suitable age and discretion _____
  Address of dwelling house or usual place of abode _____
  _____
  Age _____
  Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
  Name of authorized agent _____
  If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

  _____

☐ With a guardian or conservator of the Defendant.
  Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
  Name of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2014)

Case Number: PC-2019-11560
Filed in Providence/Bristol County Superior Court
Submitted: 1/7/2020 2:05 PM
Envelope: 2412307
Reviewer: Zoila C.

Case 1:20-cv-00007-MSM-PAS    Document 3    Filed 01/07/20    Page 24 of 48 PageID #:



STATE OF RHODE ISLAND AND    Justice **Independence** Honor    PROVIDENCE PLANTATIONS

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:

☐ By delivering said papers to an officer or a managing or general agent.
   Name of person and designation _____

☐ By leaving said papers at the office of the corporation with a person employed therein.
   Name of person and designation _____

☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
   Name of authorized agent _____

   If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

   _____

☐ I was unable to make service after the following reasonable attempts: _____

   _____

| SERVICE DATE: _____/_____/_____ | SERVICE FEE $ _____ |
| Month    Day    Year | |

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____
 Signature

State of _____
County of _____

On this _____ day of _____, 20____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

Notary Public: _____
My commission expires: _____
Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised July 2014)

Case Number: PC-2019-11560
Filed in Providence/Bristol County Superior Court
Submitted: 12/19/2019 9:51:00 AM
Envelope: 2392203
Reviewer: Zoila C.

Case 1:20-cv-00007-MSM-PAS    Document 3    Filed 01/07/20    Page 25 of 48 PageID #: 67

STATE OF RHODE ISLAND                           SUPERIOR COURT
PROVIDENCE, SC

RADHAMES SANTOS                    )
   *Plaintiff*                )
 vs.                                )        C.A. NO.:  PC-2019-11560
                                       )
BRANCH BANKING AND TRUST COMPANY   )
   *Defendant*              )

### **ENTRY OF APPEARANCE**

  Now comes Lauren Motola-Davis (#3396), and hereby enters her appearance on behalf of Defendant, Branch Banking and Trust Company in the above matter.

        DEFENDANT
        By their Attorneys,

         */s/ Lauren Motola-Davis*
        Lauren Motola-Davis, Esq. (#3396)
        LEWIS BRISBOIS BISGAARD & SMITH, LLP
        One Citizens Plaza, Suite 1120
        Providence, RI 02903
        Tel:  (401) 406-3310
        Fax:  (401) 406-3312
        Lauren.motoladavis@lewisbrisbois.com

### **CERTIFICATION**

  I hereby certify that this document filed through the Odyssey File & Serve System will be sent electronically to the registered participants as identified on the Case Service Contacts List and or/paper copies will be sent to those, postage pre-paid, indicated as non-registered participants or participants as listed below on this 19th day of December, 2019.

       */s/ Lauren Motola-Davis*

4843-0635-5631.1

Case Number: PC-2019-11560
Filed in Providence/Bristol County Superior Court
Submitted: 12/19/2019 3:51:00 AM
Envelope: 2392203
Reviewer: Zoila C.

Case 1:20-cv-00007-MSM-PAS    Document 3-68    Filed 01/07/20    Page 26 of 48 PageID #:

STATE OF RHODE ISLAND                                   SUPERIOR COURT
PROVIDENCE, SC

RADHAMES SANTOS                         )
         *Plaintiff*            )
  vs.                                   )        C.A. NO.:  PC-2019-11560
                            )
BRANCH BANKING AND TRUST COMPANY   )
         *Defendant*           )

## ENTRY OF APPEARANCE

Now comes Joseph Carnevale (#9121), and hereby enters his appearance on behalf of Defendant, Branch Banking and Trust Company in the above matter.

DEFENDANT
By their Attorneys,

*/s/ Joseph Carnevale*
Joseph Carnevale, Esq. (#9121)
LEWIS BRISBOIS BISGAARD & SMITH, LLP
One Citizens Plaza, Suite 1120
Providence, RI 02903
Tel:  (401) 406-3310
Fax:  (401) 406-3312
Lauren.motoladavis@lewisbrisbois.com

## CERTIFICATION

I hereby certify that this document filed through the Odyssey File & Serve System will be sent electronically to the registered participants as identified on the Case Service Contacts List and or/paper copies will be sent to those, postage pre-paid, indicated as non-registered participants or participants as listed below on this 19th day of December, 2019.

*/s/ Joseph Carnevale*

4827-6429-3551.1

Case Number: PC-2019-11560
Filed in Providence/Bristol County Superior Court
Submitted: 12/19/2019 9:51:00 AM
Envelope: 2392203
Reviewer: Zoila C.

Case 1:20-cv-00007-MSM-PAS    Document 3    Filed 01/07/20    Page 27 of 48 PageID #: 69

STATE OF RHODE ISLAND                     SUPERIOR COURT
PROVIDENCE, SC

| | | |
|---|---|---|
| RADHAMES SANTOS | ) | |
| *Plaintiff* | ) | |
| vs. | ) | C.A. NO.: PC-2019-11560 |
| | ) | |
| BRANCH BANKING AND TRUST COMPANY | ) | |
| *Defendant* | ) | |

## STIPULATION AS TO EXTENSION OF TIME

       Now come the parties, and herein do stipulate and agree that the Defendant, Branch Banking and Trust Company, shall have up to and including January 17, 2020, by which to answer the Plaintiff's Complaint in the above matter.

PLAINTIFF                               DEFENDANT
By his Attorneys                     By their Attorneys,

*/s/ Todd S. Dion*                   */s/ Lauren Motola-Davis*
Todd S. Dion, Esq. (#6852)        Lauren Motola-Davis, Esq. (#3396)
681 Park Avenue, Suite 24         LEWIS BRISBOIS BISGAARD & SMITH, LLP
Providence, RI  02910             One Citizens Plaza, Suite 1120
Tel: (401) 965-4131               Providence, RI 02903
Fax: (401) 270-2202              Tel:  (401) 406-3310
toddsdion@msn.com                Fax:  (401) 406-3312
                                   Lauren.motoladavis@lewisbrisbois.com

## CERTIFICATION

       I hereby certify that this document filed through the Odyssey File & Serve System will be sent electronically to the registered participants as identified on the Case Service Contacts List and or/paper copies will be sent to those, postage pre-paid, indicated as non-registered participants or participants as listed below on this 19th day of December, 2019.

                     */s/ Lauren Motola-Davis*

4814-0946-8079.1

Case Number: PC-2019-11560
Filed in Providence/Bristol County Superior Court
Submitted: 1/7/2020 2:05 PM
Envelope: 2412307
Reviewer: Zoila C.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| RADHAMES SANTOS | ) | Civil Action No. _____ |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| BRANCH BANKING AND TRUST | ) | |
| COMPANY | ) | |
| | ) | |
| *Defendant,* | ) | |

### <u>NOTICE OF REMOVAL TO ALL ADVERSE PARTIES</u>

PLEASE TAKE NOTE that on ___January 6, 2020,__ Defendant, Branch Banking and Trust Company filed a Notice of Removal removing this action to the United States District Court for the District of Rhode Island. A true and accurate copy of the Notice of Removal and all exhibits are attached hereto.

BRANCH BANKING AND TRUST COMPANY

By its Attorneys,

*/s/ Joseph Carnevale*
Joseph Carnevale, Esq. (#9121)
LEWIS BRISBOIS BISGAARD & SMITH, LLP
One Citizens Plaza, Suite 1120
Providence, RI 02903
Tel: (401) 406-3310
Fax: (401) 406-3312
joseph.carnevale@lewisbrisbois.com

Dated: January 7, 2020

Case Number: PC-2019-11560
Filed in Providence/Bristol County Superior Court
Submitted: 1/7/2020 2:05 PM
Envelope: 2412307
Reviewer: Zoila C.

Case 1:20-cv-00007-MSM-PAS    Document 3    Filed 01/07/20    Page 29 of 48 PageID #: 71

## <u>**CERTIFICATION**</u>

The undersigned hereby certifies that on the <u>7th</u> day of <u>January</u>, 2020, a true and accurate copy of the foregoing was sent via first class mail, postage prepaid to all counsel of record.


Todd S. Dion, Esq.
681 Park Avenue, Suite 24
Providence, RI 02910

*/s/ Joseph Carnevale*
_____

4840-9860-3184.1

Case Number: PC-2019-11560
Filed in Providence/Bristol County Superior Court
Submitted: 12/19/2019 11:00 AM
Envelope: 2391273
Reviewer: Zoila C.

Case 1:20-cv-00007-MSM-PAS    Document 3    Filed 01/07/20    Page 30 of 48 PageID #: 72

STATE OF RHODE ISLAND                              SUPERIOR COURT
PROVIDENCE, SC

RADHAMES SANTOS                    )
              *Plaintiff*          )
      vs.                          )        C.A. NO.:  PC-2019-11560
                                   )
BRANCH BANKING AND TRUST COMPANY   )
              *Defendant*          )

## STIPULATION AS TO EXTENSION OF TIME

    Now come the parties, and herein do stipulate and agree that the Defendant, Branch Banking and Trust Company, shall have up to and including January 17, 2020, by which to answer the Plaintiff's Complaint in the above matter.


PLAINTIFF                                  DEFENDANT
By his Attorneys                           By their Attorneys,

*/s/ Todd S. Dion*                         */s/ Lauren Motola-Davis*
Todd S. Dion, Esq. (#6852)                 Lauren Motola-Davis, Esq. (#3396)
681 Park Avenue, Suite 24                  LEWIS BRISBOIS BISGAARD & SMITH, LLP
Providence, RI  02910                      One Citizens Plaza, Suite 1120
Tel: (401) 965-4131                        Providence, RI 02903
Fax: (401) 270-2202                        Tel:  (401) 406-3310
toddsdion@msn.com                          Fax:  (401) 406-3312
                                           Lauren.motoladavis@lewisbrisbois.com


## CERTIFICATION

    I hereby certify that this document filed through the Odyssey File & Serve System will be sent electronically to the registered participants as identified on the Case Service Contacts List and or/paper copies will be sent to those, postage pre-paid, indicated as non-registered participants or participants as listed below on this 19th day of December, 2019.

       */s/ Lauren Motola-Davis*

Case Number: PC-2019-11560
Filed in Providence/Bristol County Superior Court
Submitted: 12/19/2019 11:00 AM
Envelope: 2391273
Reviewer: Zoila C.

Case 1:20-cv-00007-MSM-PAS    Document 3    Filed 01/07/20    Page 31 of 48 PageID #: 73

STATE OF RHODE ISLAND                              SUPERIOR COURT
PROVIDENCE, SC

RADHAMES SANTOS                          )
      *Plaintiff*                          )
    vs.                                  )          C.A. NO.:  PC-2019-11560
                                 )
BRANCH BANKING AND TRUST COMPANY   )
      *Defendant*                         )

## ENTRY OF APPEARANCE

Now comes Joseph Carnevale (#9121), and hereby enters his appearance on behalf of Defendant, Branch Banking and Trust Company in the above matter.

DEFENDANT
By their Attorneys,

*/s/ Joseph Carnevale*
Joseph Carnevale, Esq. (#9121)
LEWIS BRISBOIS BISGAARD & SMITH, LLP
One Citizens Plaza, Suite 1120
Providence, RI 02903
Tel:  (401) 406-3310
Fax:  (401) 406-3312
Lauren.motoladavis@lewisbrisbois.com

## CERTIFICATION

I hereby certify that this document filed through the Odyssey File & Serve System will be sent electronically to the registered participants as identified on the Case Service Contacts List and or/paper copies will be sent to those, postage pre-paid, indicated as non-registered participants or participants as listed below on this 19th day of December, 2019.

*/s/ Joseph Carnevale*

4827-6429-3551.1

Case Number: PC-2019-11560
Filed in Providence/Bristol County Superior Court
Submitted: 12/19/2019 11:00 AM
Envelope: 2391273
Reviewer: Zoila C.

CASE 1:1-CV-00007-MSM-PAS    Document 3    Filed 01/07/20    Page 32 of 48 PageID #: 74

STATE OF RHODE ISLAND                           SUPERIOR COURT
PROVIDENCE, SC

RADHAMES SANTOS                     )
       *Plaintiff*                    )
   vs.                                )         C.A. NO.:  PC-2019-11560
                        )
BRANCH BANKING AND TRUST COMPANY    )
       *Defendant*                   )

## **ENTRY OF APPEARANCE**

      Now comes Lauren Motola-Davis (#3396), and hereby enters her appearance on behalf of Defendant, Branch Banking and Trust Company in the above matter.

                             DEFENDANT
                             By their Attorneys,

                             */s/ Lauren Motola-Davis*
                             Lauren Motola-Davis, Esq. (#3396)
                             LEWIS BRISBOIS BISGAARD & SMITH, LLP
                             One Citizens Plaza, Suite 1120
                             Providence, RI 02903
                             Tel:  (401) 406-3310
                             Fax:  (401) 406-3312
                             Lauren.motoladavis@lewisbrisbois.com

## **CERTIFICATION**

      I hereby certify that this document filed through the Odyssey File & Serve System will be sent electronically to the registered participants as identified on the Case Service Contacts List and or/paper copies will be sent to those, postage pre-paid, indicated as non-registered participants or participants as listed below on this 19th day of December, 2019.

                  */s/ Lauren Motola-Davis*

4843-0635-5631.1

STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

## SUPERIOR COURT

### SUMMONS

| | |
|---|---|
| | **Civil Action File Number**<br>PC-2019-11560 |
| **Plaintiff**<br>Radhames Santos<br><br>    v.<br><br>**Defendant**<br>Branch Banking And Trust Company | **Attorney for the Plaintiff or the Plaintiff**<br>Todd Dion |
| | **Address of the Plaintiff's Attorney or the Plaintiff**<br>681 PARK AVENUE<br>SUITE 24<br>CRANSTON RI  02910 |
| Licht Judicial Complex<br>Providence/Bristol County<br>250 Benefit Street<br>Providence RI  02903<br>(401) 222-3250 | **Address of the Defendant**<br>200 West Second Street<br>Winston-Salem NC  27101 |

**TO THE DEFENDANT, Branch Banking and Trust Company:**

    The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

    If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Your answer must also be filed with the court.

    As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| | |
|---|---|
| This Summons was generated on 12/6/2019. | /s/ Henry Kinch<br>Clerk |

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2014)

STATE OF RHODE ISLAND AND    PROVIDENCE PLANTATIONS

## SUPERIOR COURT

| Plaintiff<br>Radhames Santos<br>　　　v.<br>**Defendant**<br>Branch Banking And Trust Company | **Civil Action File Number**<br>PC-2019-11560 |
| --- | --- |

---

### PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Branch Banking and Trust Company, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
   Name of person of suitable age and discretion _____
   Address of dwelling house or usual place of abode _____
   _____
   Age _____
   Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
   Name of authorized agent _____
   If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

   _____

☐ With a guardian or conservator of the Defendant.
   Name  of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
   Name  of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2014)

STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:
☐ By delivering said papers to an officer or a managing or general agent.
  Name of person and designation _____
☐ By leaving said papers at the office of the corporation with a person employed therein.
  Name of person and designation _____
☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
  Name of authorized agent _____
  If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
  _____

☐ I was unable to make service after the following reasonable attempts: _____
_____

SERVICE DATE: _____/_____/_____    SERVICE FEE $_____
                  Month    Day    Year

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____
 Signature

State of _____
County of _____

   On this _____ day of _____, 20____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

                    Notary Public: _____
                    My commission expires: _____
                    Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised July 2014)

Case Number: PC-2019-11560
Filed in Providence/Bristol County Superior Court
Submitted: 12/5/2019 7:00 PM
Envelope: 2372160
Reviewer: Bob Q

Case 1:20-cv-00007-MSM-PAS   Document 3   Filed 01/07/20   Page 36 of 48 PageID #: 78

| | | |
|---|---|---|
| **STATE OF RHODE ISLAND** | | **SUPERIOR COURT** |
| **PROVIDENCE, SS** | | |

|  |  |  |
|---|---|---|
| RADHAMES SANTOS | ) | |
| | ) | |
| *Plaintiff,* | ) | C.A. NO. |
| | ) | |
| *vs.* | ) | COMPLAINT |
| | ) | |
| BRANCH BANKING AND TRUST COMPANY | ) | JURY TRIAL DEMAND |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

## **INTRODUCTION**

1.      This complaint is brought by Plaintiff, Radhames Santos, against Defendant, Branch Banking and Trust Company (BB&T) ,for wrongful acceleration, foreclosure and mortgagee's sale of the subject property as noted herein.  Plaintiff seeks a declaratory judgment that Defendant accelerated all sums due under the subject mortgage and foreclosed said mortgage when BB&T was not permitted to take such actions pursuant to Paragraph 9(d) of the subject mortgage and regulations of the Secretary of the Department of Housing and Urban Development, codified under 24 CFR §203.500, 24 CFR §203.501, 24 CFR §203.602, 24 CFR §203.605, and 24 CFR §203.606.

2.      The Plaintiff prays that this Honorable Court declare the acceleration, foreclosure and sale to be in breach of contract and void for failure to strictly comply with the terms of the Mortgage, in violation of 24 CFR §203.500, 24 CFR §203.501, 24 CFR §203.602 and 24 CFR §203.605, enjoin Defendant from any further foreclosure action, rescind any foreclosure and sale, return the Plaintiff to his status prior to any wrongful foreclosure and sale, and award money damages to the Plaintiff.

Case Number: PC-2019-11560
Filed in Providence/Bristol County Superior Court
Submitted: 12/5/2019 7:00 PM
Envelope: 2372160
Reviewer: Bob Q

1:19-cv-00007-MSM-PAS    Document 3    Filed 01/07/20    Page 37 of 48 PageID #: 79

## JURISDICTION AND VENUE

3.     This Honorable Court has subject matter jurisdiction as the subject property at issue is located at 49-51 Congress Avenue, Providence, RI 02907, the Plaintiff reside at said subject property, and Defendant conducted all of the acts alleged herein in the State of Rhode Island.

4.     Venue is proper in this Honorable Court in that the events or omissions giving rise to this claim have occurred, and the real property that is the subject of the action is situated within the State of Rhode Island.

## PARTIES

5.     Plaintiff, Radhames Santos, is a citizen of Rhode Island residing at, and are the rightful owners of 49-51 Congress Avenue, Providence, RI 02907 which is the "subject property" referenced herein.

6.     Defendant Branch Banking and Trust Company is a banking related services company with headquarters at 200 West Second Street, Winston-Salem, NC 27101.

### GENERAL FACTS AND RELEVANT BACKGROUND

7.     FHA standard mortgage contracts at Paragraph 9(d) state that regulations issued by the Secretary of Housing and Urban Development will limit a Lender's rights, in the case of payment defaults, to require immediate payment in full, and foreclose, if not paid. Paragraph 9(d) further states that the security instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

8.     At issue in this action are several Regulation codified in 24 CFR §203.500, 24 CFR §203.501, 24 CFR §203.602 and 24 CFR §203.605.

9.     24 CFR §203.500 states in relevant part that "It is the intent of the Department that no mortgagee shall commence foreclosure or acquire title to a property until the requirements of this subpart have been followed".

2

10.    24 CFR §203.501 states that "Mortgagees must consider the comparative effects of their elective servicing actions, and must take those appropriate actions which can reasonably be expected to generate the smallest financial loss to the Department.  Such actions include, but are not limited to, deeds in lieu of foreclosure under § 203.357, pre-foreclosure sales under §203.370, partial claims under §203.414, assumptions under § 203.512, special forbearance under §§ 203.471 and 203.614, and recasting of mortgages under §203.616.  HUD may prescribe conditions and requirements for the appropriate use of these loss mitigations actions, concerning such matters as owner-occupancy, extent of previous defaults, prior use of loss mitigation, and evaluation of the mortgagor's income, credit and property".

11.    24 CFR §203.601 states in pertinent part that "The mortgagee shall give notice to each mortgagor in default on a form supplied by the Secretary or, if the mortgagee wishes to use its own form, on a form approved by the Secretary, no later than the end of the second month of any delinquency in payments under the mortgage.

12.    24 CFR §203.605(a) states in pertinent part that "Before four full monthly installments due on the mortgage have become unpaid, the mortgagee shall evaluate on a monthly basis all of the loss mitigation techniques provided at §203.501 to determine which is appropriate.  Based upon such evaluations, the mortgagee shall take the appropriate loss mitigation action."

## FACTS

13.    Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

14.    Plaintiff, Radhames Santos, was granted the property located at 49-51 Congress Avenue, Providence, RI 02907, which is the subject property as noted herein.

15.    On June 22, 2015, Plaintiff, Radhames Santos, executed a mortgage and note both in the amount of One Hundred Seventeen Thousand Eight Hundred and Twenty-Six Dollars 00/100

3

Case Number: PC-2019-11560
Filed in Providence/Bristol County Superior Court
Submitted: 12/5/2019 7:00 PM
Envelope: 2372160
Reviewer: Bob Q

Case 1:20-cv-00007-MSM-PAS    Document 3    Filed 01/07/20    Page 39 of 48 PageID #: 81

($117,826.00) Dollars, to First Home Mortgage Corporation as Lender and Mortgage Electronic Registration Systems as mortgagee. Said mortgage was secured against the subject property and recorded in the City of Providence Land Evidence Records in Book 11147 at Page 316 on June 22, 2015. (the "Santos Mortgage/Note").

16.      On November 16, 2018 an assignment of the Mortgage was recorded in the Land Evidence Records of the City of Providence Book 12213 at Page 345 assigning the Mortgage to BB&T.

17.      The Santos Mortgage was designated as an "FHA" mortgage and was noted as such on the mortgage itself on page one (1).

18.      Plaintiff herein alleges that no Lender, servicer, mortgagee, note holder, or agent of any of the foregoing complied with 24 CFR §203.500, 24 CFR §203.501, 24 CFR §203.602 and 24 CFR §203.605 prior to acceleration or foreclosure in breach of Paragraph 9(d) of the Plaintiff's Mortgage.

19.      Defendant scheduled a foreclosure to occur on said property on December 5, 2019.  Prior to said foreclosure Defendant accelerated the note and mortgage.

20.      Plaintiff alleges that the acceleration, foreclosure, and sale are in breach of the Santos Mortgage contract at Paragraph 9(d) and violation of 24 CFR §203.500, 24 CFR §203.501, 24 CFR §203.602 and 24 CFR §203.605.

21.      Plaintiff herein seeks a declaratory judgment that the acceleration, foreclosure and sale are void and without force and effect and prays this Honorable Court find that BB&T is in breach of contract at paragraph 9(d) and in violation of 24 CFR §203.500, 24 CFR §203.501, 24 CFR §203.602 and 24 CFR §203.605.

22.      Plaintiff is entitled to Orders enjoining the Defendant BB&T from foreclosure, sale, and/or conveyance of the subject property pending a determination by this Court verifying the validity of

4

Plaintiff's claims, rescinding any foreclosure and sale and returning the Plaintiff to his status prior to any wrongful foreclosure and sale, and that BB&T pay actual, monetary, punitive and exemplary damages, restitution, an accounting, attorneys' fees and costs, equitable relief in amounts to be determined at trial.

**COUNT I**
**MORTGAGE POWER OF SALE**

23.    Plaintiff repeats and reincorporates by reference all paragraphs above as if fully articulated herein.

24.    Rhode Island permits non-judicial foreclosure under the statutory power of sale contained so long as the terms of the mortgage and the statutes related to the power of sale are strictly complied with.

25.    Foreclosure by power of sale requires that a foreclosing bank must comply with the terms of the mortgage.

26.    If a bank fails to strictly comply with the power of sale and the terms of the mortgage, then a foreclosure is void.

27.    The mortgage given by Plaintiff secured by the subject property states at Paragraph 9(d) as follows:

> 9(d) Regulations of HUD Secretary. In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full, and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

28.    24 CFR §203.500, 24 CFR §203.501, 24 CFR §203.602 and 24 CFR §203.605 are all regulations of the Secretary.

5

Case Number: PC-2019-11560
Filed in Providence/Bristol County Superior Court
Submitted: 12/5/2019 7:00 PM
Envelope: 2372160
Reviewer: Bob Q

Case 1:20-cv-00007-MSM-PAS    Document 3    Filed 01/07/20    Page 41 of 48 PageID #: 83

29.    The "mortgagee" as defined by 24 CFR § 202.2 failed comply with 24 CFR §203.500, 24 CFR §203.501, 24 CFR §203.602 and 24 CFR §203.605 prior to acceleration and foreclosure.

30.    Plaintiff's mortgage incorporated the HUD regulations.

32.    As such, there was no compliance with the terms of the mortgage which would have allowed the Defendants to exercise the statutory power of sale as indicated above..

33.    BB&T never sent Plaintiff and Plaintiff never received a notice in accordance with 24 CFR §203.501. As a result, no acceleration could occur nor could the mortgagee exercise the statutory power of sale.

34.    Pursuant to the terms of the Santos Mortgage 24 CFR §203.500, 24 CFR §203.501, 24 CFR §203.602 and 24 CFR §203.605 pursuant to the provisions of paragraph 9(d) of the mortgage were condition precedents to acceleration and the exercise of the statutory power of sale.

35.    Plaintiff thus never received an acceleration notice pursuant to the terms of the mortgage.

36.    Due to this failure to comply with the terms of the mortgage, no entity was contractually authorized to exercise the statutory power of sale and foreclose on the Santos Mortgage and sell the subject property at mortgagee's foreclosure sale. These actions constituted a breach of contract, resulting in damages to the Plaintiff.

37.    As a result of the above noted improper and invalid exercise of the statutory power of sale and purported foreclosure sale, Plaintiff's mortgage loan account was charged fees and costs and expenses for certified mail, advertising costs, legal fees, auctioneer costs and other charges which were reflected in their monthly mortgage statements.

38.    The Plaintiff has incurred damages in hiring an attorney, in regard to the improper actions of BB&T in sending a Notice of Foreclosure Sale and seeking to conduct a sale without first complying with the terms of the mortgage.

6

Case Number: PC-2019-11560
Filed in Providence/Bristol County Superior Court
Submitted: 12/5/2019 7:00 PM
Envelope: 2372160
Reviewer: Bob Q

Case 1:20-cv-00007-MSM-PAS   Document 3   Filed 01/07/20   Page 42 of 48 PageID #: 84

39.     Plaintiff has also incurred emotional injuries and damages due to the improper foreclosure and sale of their home without BB&T first complying with the terms of the Santos Mortgage.

40.     The Plaintiff has incurred legal fees for the prosecution of this action as a result of BB&T's the breach of contract by BB&T as noted herein.

41.     Plaintiff has suffered harm and are threatened with additional harm from BB&T's breach, including but not limited to loss of property interest, higher principle balance, improper negative reporting to credit bureaus; inappropriate fees and charges assessed to them, including broker price opinion fees, inspection fees, attorney's fees, "process management" fees, late fees and other charges associated with delinquency and default, and increased accrued interest.

42.     BB&T's breach of contract and failure to comply with terms of the mortgage as noted herein above, are the direct cause of the harms alleged herein and not Plaintiff's failure to make their mortgage payments.

43.     Plaintiff was denied the opportunity to 24 CFR §203.500, 24 CFR §203.501, 24 CFR §203.602 and 24 CFR §203.605 which would have enabled him to explore loss mitigation opportunities and strategies to deal with his default resulting in a resolution of default as HUD regulations codified at 24 CFR §203.500, 24 CFR §203.501, 24 CFR §203.602 and 24 CFR §203.605 were intended to accomplish.

44.     Therefore, Plaintiff would not have suffered foreclosure, or the harms as noted herein were it not for the BB&T's breach of the mortgage contract as noted herein.

45.     BB&T's failure to comply with the terms of the mortgage is in violation of the Statutory Power of Sale. Any foreclosure is therefore void.

7

Case Number: PC-2019-11560
Filed in Providence/Bristol County Superior Court
Submitted: 12/5/2019 7:00 PM
Envelope: 2372160
Reviewer: Bob Q

Case 1:20-cv-00007-MSM-PAS    Document 3    Filed 01/07/20    Page 43 of 48 PageID #: 85

46.     The Plaintiff is entitled to a declaratory judgment determining that the acceleration of all sums due under the note, the foreclosure, and the mortgagee's foreclosure sale of the subject property are all void.

47.     The Plaintiff is entitled to an injunction preventing the transfer of the right, title, and interest in their property.

48.     The Plaintiff is entitled to cancellation costs and fees assessed to them for wrongful foreclosure, together with additional damages.

49.     Plaintiff is entitled to a Court Order requiring that Defendants take all necessary steps to return Plaintiff to their status and circumstances prior to any wrongful acceleration, attempted foreclosure and sale, including but not limited to rescinding the foreclosure and sale.

50.     Plaintiff is entitled to actual, monetary, punitive and exemplary damages, restitution, an accounting, attorneys' fees and costs, equitable relief and all other relief as provided by state law.

## COUNT II
### BREACH OF CONTRACT AND FAILURE TO COMPLY WITH CONDITIONS PRECEDENT TO EXERCISE THE STATUTORY POWER OF SALE

51.     Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

51.     As described above, the mortgage contract entered into by Plaintiff constitutes a valid offer.

52.     Upon Plaintiff executing the mortgage contract and giving it to their Lender, the Lender accepted that offer.

53.     Alternatively, Plaintiff's execution of the mortgage contract thereby giving a security interest in their property to their Lender constitutes an offer.  Acceptance of that offer occurred when BB&T accepted payments made by Plaintiff pursuant to the mortgage contract.

54.     The mortgage contract was supported by consideration.  Plaintiff's payments to BB&T, constitutes consideration.

8

Case Number: PC-2019-11560
Filed in Providence/Bristol County Superior Court
Submitted: 12/5/2019 7:00 PM
Envelope: 2372160
Reviewer: Bob Q

Case 1:20-cv-00007-MSM-PAS   Document 3   Filed 01/07/20   Page 44 of 48 PageID #: 86

55.     Plaintiff and BB&T thereby formed a valid contract and Plaintiff was, is, and remains ready

willing and able to perform under said contract.

56.     BB&T breached the mortgage contract of Plaintiff by refusing to honor the terms of the

mortgage contract as stated at paragraph 9(d) which states in pertinent part;

> 9(d) Regulations of HUD Secretary. In many circumstances regulations
> issued by the Secretary will limit Lender's rights, in the case of
> payment defaults, to require immediate payment in full, and foreclose
> if not paid. This Security Instrument does not authorize acceleration or
> foreclosure if not permitted by regulations of the Secretary.

57.     In Rhode Island, a contract containing an obligation of the Lender that the Lender abide

by Regulations of the HUD Secretary prior to acceleration and sale is construed as a condition

precedent, which requires strict compliance.

58.     The Santos Mortgage at paragraph 9(d), obligates the Lender to abide by Regulations of

the HUD Secretary limiting the Lenders ability to accelerate, foreclose and sell if HUD

Regulations prohibit it.

59.     In Rhode Island, a mortgagee agreeing to abide by Regulations of the HUD Secretary

before acceleration, foreclosure, and sale, must adhere to those Regulations, with the level of

specificity as agreed.

60.     In Rhode Island, the power to sell by foreclosure sale is derived from the mortgage and

statute, and strict compliance with the requirements of paragraph 9(d) of the mortgage is an

obligation of the mortgagee. Failure to comply with 24 CFR §203.500, 24 CFR §203.501, 24 CFR

§203.602 and 24 CFR §203.605 and then accelerating, attempting foreclosure, and sale is a

violation of a regulation of the HUD Secretary limiting a lenders rights to accelerate, foreclose,

9

Case Number: PC-2019-11560
Filed in Providence/Bristol County Superior Court
Submitted: 12/5/2019 7:00 PM
Envelope: 2372160
Reviewer: Bob Q

Case 1:20-cv-00007-MSM-PAS   Document 3   Filed 01/07/20   Page 45 of 48 PageID #: 87

and sell and thus is a breach of mortgage contract at 9(d) and renders the acceleration and attempted foreclosure of the Santos Mortgage and sale of the subject property void.

61.     Plaintiff's mortgage incorporated the HUD regulations.

62.     Therefore, there was no compliance with the terms of the mortgage which would have allowed BB&T to exercise the statutory power of sale as indicated above.

63.     Pursuant to the terms of the Santos Mortgage, 24 CFR §203.500, 24 CFR §203.501, 24 CFR §203.602 and 24 CFR §203.605 pursuant to the provisions of paragraph 9(d) is a condition precedent to acceleration and the exercise of the statutory power of sale.

64.     Plaintiff thus never received an acceleration notice pursuant to the terms of their mortgage.

65.     Due to this failure to comply with the terms of the mortgage, no entity was contractually authorized to exercise the statutory power of sale and foreclose Santos Mortgage and sell the subject property at mortgagee's foreclosure sale. These actions constituted a breach of contract, resulting in damages to the Plaintiff.

66.     As a result of the above noted improper and invalid exercise of the statutory power of sale and purported foreclosure sale, Plaintiff's mortgage loan account was charged fees and costs and expenses for certified mail, advertising costs, legal fees, auctioneer costs and other charges which were reflected in their monthly mortgage statements.

67.     The Plaintiff has incurred damages in hiring an attorney, in regard to the improper actions of BB&T in sending a Notice of Foreclosure Sale and conducting a sale without first complying with the terms of the mortgage in violation of the Statutory Power of Sale and in breach of contract.

68.     Plaintiff has also incurred emotional injuries and damages due to the improper foreclosure of their home without BB&T first complying with the terms of the mortgage and breaching the Santos Mortgage contract.

10

Case Number: PC-2019-11560
Filed in Providence/Bristol County Superior Court
Submitted: 12/5/2019 7:00 PM
Envelope: 2372160
Reviewer: Bob Q

Case 1:20-cv-00007-MSM-PAS   Document 3   Filed 01/07/20   Page 46 of 48 PageID #: 88

69.     The Plaintiff has incurred legal fees for the prosecution of this action as a result of BB&T's violation of the power of sale and breach of contract as noted herein.

70.     Plaintiff has suffered harm and are threatened with additional harm from BB&T's breach, including but not limited to loss of property interest, higher principle balance, improper negative reporting to credit bureaus; inappropriate fees and charges assessed to them, including broker price opinion fees, inspection fees, attorney's fees, "process management" fees, late fees and other charges associated with delinquency and default, and increased accrued interest.

71.     BB&T's breach of contract and failure to comply with terms of the mortgage as noted herein above, are the direct cause of the harms alleged herein and not Plaintiff's failure to make their mortgage payments.

72.     Plaintiff would not have suffered acceleration, foreclosure and sale, or the harms as noted herein were it not for the BB&T's breach of the mortgage contract as noted herein.

73.     BB&T's failure to comply with the terms of the mortgage is a breach of contract and also is in violation of the Statutory Power of Sale. The foreclosure is therefore void.

74.     The Plaintiff is entitled to a declaratory judgment determining that the acceleration of all sums due under the note, the foreclosure, and the mortgagee's foreclosure sale of the subject property are all void.

75.     The Plaintiff is entitled to an injunction preventing the transfer of the right, title, and interest in their property.

76.     The Plaintiff is entitled to cancellation costs and fees assessed to them for wrongful foreclosure, together with additional damages.

11

Case Number: PC-2019-11560
Filed in Providence/Bristol County Superior Court
Submitted: 12/5/2019 7:00 PM
Envelope: 2372160
Reviewer: Bob Q

Case 1:20-cv-00007-MSM-PAS   Document 3   Filed 01/07/20   Page 47 of 48 PageID #: 89

86.     Plaintiff is entitled to a Court Order requiring that Defendants take all necessary steps to return Plaintiff to their status and circumstances prior to the wrongful acceleration, attempted foreclosure and sale, including but not limited to rescinding any foreclosure and sale.

87.     Plaintiff is entitled to actual, monetary, punitive and exemplary damages, restitution, an accounting, attorneys' fees and costs, equitable relief and all other relief as provided by state law.

Dated:  December 5, 2019

Respectfully Submitted, Plaintiff,
by his Attorney,
Todd S. Dion


 /s/ Todd S. Dion
Todd S. Dion Esq. (6852)
681 Park Avenue, Suite 24
Providence, RI 02910
401-965-4131 Phone
401-270-2202 Fax
toddsdion@msn.com

12

Case Number: PC-2019-11560
Filed in Providence/Bristol County Superior Court
Submitted: 12/5/2019 7:00 PM
Envelope: 2372160
Reviewer: Bob Q

Case 1:20-cv-00007-MSM-PAS    Document 3    Filed 01/07/20    Page 48 of 48 PageID #: 90

## **VERIFICATION OF COMPLAINT**

I, Radhames Santoa, Plaintiff in the above-captioned action, hereby depose and state that I have read and subscribed to the foregoing amended complaint, and the facts set forth therein are based on my own personal knowledge and are true and correct.

Signed under the penalties of perjury on December 3, 2019.


Date:                                              Respectfully submitted,
                                                   Radhames Santos